Good morning, Your Honors. May it please the Court, my name is John Lee and I represent the United States in this case. With the Court's permission, I would like to reserve about 5 minutes of my time for rebuttal. I try to keep track of your own time, and if I remember which is not likely, I'll remind you to. Thank you, Your Honor. This case presents the Court with two related issues having to do with the topic of service of process in asset forfeiture cases under the supplemental rules for certain admiralty and maritime The first issue deals with Let me just ask you a question about this case because I couldn't find an answer in the brief. Your position is that this is jurisdictional and therefore it had to be dismissed or you get judgment on the grounds basically that there's no jurisdiction because of the failure to timely serve. The alternative view would be that it would be a violation of a rule that the judge could either dismiss on or perhaps grant an extension of time and not dismiss, but ultimately has the power to dismiss at least without prejudice. What difference does it make who's right about it? In either case, are you asserting that there's a bar to reinstating the case if it's dismissed for the failure or given judgment on the pleadings for a failure to have timely service? Your Honor, there could very well be a bar. 19 U.S.C. 1621 provides for a 5-year statute of limitations. Oh, a statute of limitations, fine, except is there any question in this case? That had it been dismissed, that the government could have refiled under either theory? Subject to a couple of concerns, I think that would be a disputed issue if a case were to be refiled. The concerns that I'm thinking of is one is the statute of limitations that I just mentioned, and the other is the process concerned with the notion that the government may delay in filing a case. If this case were to be filed now or even later than now, when the seizures occurred back in 1997, I believe, there would be a substantial due process issue to refiling and then relitigating this case. Are these 2,164 watches more or less still in the custody of the government? Yes, that's correct, Your Honor. Are they going to be worth anything when this is all over? I don't know, Your Honor. I think – I guess I suppose that there's been arguments made below that they're fashion watches and they come in and out of fashion, but I suspect that because the fashions that are involved in this case for Guess and Tommy, who have been around a while, I suspect that they will be worth something. And they still serve as timepieces. So I don't know if the batteries are still working, but if you were to replace them, they would still be functional as before. Mr. Lee, if I may, it's the government's position, I take it, that the district court had jurisdiction to determine whether the rule had been complied with. Is that correct? I believe the answer is that the district court always has jurisdiction to determine whether it has jurisdiction. Yes, I understand that. I was wondering which you were arguing, whether this is jurisdictional or whether it is simply a question of compliance with the rule. It's the latter. That's the government's position. I'm not sure if I heard Judge Reinhardt correctly, but the government's position is not that this is subject matter jurisdiction. But this is just basically a claim processing rule. I think the contract case, the very ---- Let me get this straight. I think what you're saying is, your argument is the district court had jurisdiction, subject matter jurisdiction. Correct. And the issue that was presented to the court was whether there had been compliance with the supplemental rules, specifically with the requirement of forthwith service. Is that correct? Correct. That's the government's position. And you take issue with the district court because the district court said forthwith means immediately, right away, and there was this long delay, and therefore we're going to dismiss for noncompliance or dismiss for lack of jurisdiction, said the district court. Correct. Your position, as I followed Judge Thompson's question, the question is that the district court had jurisdiction to decide that it did not have jurisdiction, and that when it decided that it was not a timely service, that was a jurisdictional ---- That deprived it, then, of jurisdiction to proceed to the merits. I think that's what had happened, isn't it? No. That's what ---- Well, again, the district court always has jurisdiction to decide whether it has jurisdiction. My contention here ---- But it doesn't make any difference. But after it decided it had jurisdiction to decide, and then it decided that, all right, it's untimely, therefore there's no jurisdiction, so I, you know, give judgment in the case. If it had ---- instead of doing that, if it had said, it's not timely, therefore I'm going to dismiss, is there any difference between the two? Well, I think the latter would have been less erroneous, but still nevertheless erroneous. Less erroneous because I think the authorities are pretty well established that it's not a matter of subject matter jurisdiction. But, I mean, is there any practical difference between which ---- which way the district court says, look, it's not timely, so I'm not going to proceed with this case, dismissed, judgment, whatever. Does it matter from as far as what happens next? It matters a lot. It matters from a practical standpoint for the reasons that I think we talked about a little while ago. There ---- if the outcome is allowed to stand, there would be a significant bar to ---- excuse me, not if the outcome is allowed to stand, but if the government were forced to refile, there would be a significant bar to relitigating this case. There's this other difference, and that is that if the court had decided properly that this was just not a subject matter jurisdiction issue, but one of a claim-processing rule, there would have been a different inquiry. What happened was that the court said this is a subject matter jurisdiction issue, that's the end of the inquiry. Well, it didn't just say that. It said it thought it was unreasonable. It really made the same inquiry that you would like it to make. About whether there was any reason for the delay, whether it was cause that would provide any kind of an excuse. If it were really a jurisdictional thing where there was no, you had to do it by X date, where there's no jurisdiction, that's not the kind of thing he said. But he went beyond that and examined the government's reasons and found them reasonable. I'm not sure I agree with that construction of the court, of the court's order. What the court did was it analyzed what forthwith means, and, of course, in the context of that, first it said forthwith means immediately and without delay, and in the context of that, said that the government's reason didn't affect its forthwith analysis. But then there's several places in the order that refer to subject matter jurisdiction as well as the cases it cites, the Kenyon case, which clearly tends to indicate that what the district court was doing was deciding whether it was forthwith or not, and then based on its conclusion that subject matter jurisdiction was lacking, dismissing based on that. I don't think that the district court's order is reasonably susceptible to the construction that the court concluded that, well, maybe it may not be subject matter jurisdiction, but it's still a basis for me to dismiss, if appropriate, and then I'll go on to analyze factors that may enter into that consideration. There's nothing in the order that suggests that that's what happened. In fact, I don't think it's reasonable. Kennedy. But is there any different argument you could make to the court as to whether it's a reasonable delay? You would at least have to try to convince the court it was a reasonable delay. Well, I mean, even if it's not subject matter jurisdiction. The approach that we believe would have been proper for the district court to follow would be to analyze prejudice. Prejudice is a main consideration in a variety of Supreme Court cases which would be applicable in this situation. There's no indication of any prejudice whatsoever in this case. In fact, the clerk's record, the docket sheet indicates that the process was served January 18th, but even before then, the case was going on as if nothing had happened, nothing wrong had happened. There was a claim file, there was an answer file, there was an early meeting counsel, there was an early meeting counsel report file. The court even held a scheduling conference and set a trial date before that service was used. What is the proper analysis? Should there be a good cause analysis? If he finds it's untimely because it's not forthwith, should we import a good cause analysis or a good cause plus no prejudice analysis? Your Honor, I think there's a twofold approach, and I think one applies to the forthwith issue. And the government's contention is that there should be a good cause analysis read into the forthwith requirement. And to some extent there is, because if you look at the cases that talk about forthwith, they don't stop at saying it's immediately in forthwith. There are other phrases that talk about, well, it's reasonable under the circumstances of what's required to be done. So in effect, there is some sort of a good cause. Well, let's assume that you need the government can say we have good cause. That's why it wasn't in the ordinary meaning of forthwith. But given the circumstances, given the cause, which is what I think the court did. But you say that that's really not so important. What matters is that even if there was no good cause, there was no prejudice. And therefore, he can't dismiss, no matter how long it takes to serve, whether it's reasonable or not. Which is contrary to the way Civil Procedure Rule 4 reads. Civil Procedure 4, Rule 4, Your Honor. With time limits for service, where they say that if you don't file – if you don't serve within 120 days, the court, upon its own initiative, if no motion, shall dismiss an action without prejudice. But if you show good cause for further to serve, it will extend the time. But those are the two options. You have to dismiss without prejudice, or you extend the time if you think there's good cause. But Civil Rule Procedure Rule 4 certainly doesn't talk about you don't dismiss without prejudice unless the plaintiff serves prejudice. Well, the – I think Civil Rule Procedure 4, one thing to keep in mind about that is that it actually provides for 120 days. Yes, it does. And that's certainly – if this case would have fell under the Civil Rules of Procedure, it would have been timely. No, no. I understand. But I wonder where – why you think that you can't dismiss without prejudice unless you show that the defendant has been prejudiced. Well, I think Civil Rule Procedure 4 is an applicable analogy. The position that the government took is not only that, but in forfeiture cases, there's a body of law that really analyzes this. There's the good case, there's the 8850 case, and now there's a contra case. Those cases really are – I think it's worth revisiting here. The good case talks about delay issues in the context of admiralty cases. And it talks about 19 U.S.C. 1602, 1603, 1604, all statutes that have words like immediately, promptly, forthwith. And even in the context of those statutes, the Court looked at the purpose of those statutes and the admiralty cases and said that this is the good case. It would make little sense to interpret directives designed to ensure the expeditious collection of revenues in a way that renders the governments unable in certain circumstances to obtain any revenues at all. And then they go on to cite a bunch of Supreme Court cases that basically say if the government violates some sort of a time constraint, the proper thing is not to dismiss the case. And they go on to say – But this Court did more than dismiss the case. He granted judgment, right? He granted judgment against the government. Yes. I think that's a step more harsher than dismissing. Right. Well, that's what – that's the answer to Judge Reinhart's question about is there a difference, right? Yes. There's a difference. One is dismissed without prejudice. To be filed in the other, there's a judgment. I agree. I mean, you didn't answer the question. That was my question. Is it a judgment based on failure to serve? Does that constitute a bar? Yes. Yes. I understood, Your Honor, to be asking, I guess, what would be a hypothetical question. But here, clearly, there was – No, I'm asking you if the – if the judgment based on a failure to serve constitutes a bar to the proceedings. In fact, the judgment that was entered in this case is a bar to relitigation. Even though it's not a judgment on the merits. That's correct, Your Honor. Let me ask you another question. Under Rule 4M of the Rules of Civil Procedure, when courts consider good cause, and I remember doing this, but I don't remember whether you consider, is there any case authority that supports also in that determination looking at the prejudice to the other party if you'll extend the time? Well, the – I think Civil Rule Procedure 4 is an apt analogy, but not a perfect analogy, because this is a forfeiture case that's determined by the admiralty rules. I think it's appropriate to the – All right. But you're not answering my question. I'm asking under the case law under Rule 4, when it says the court shall extend the time if there's good cause, does that good cause analysis embrace a prejudice inquiry? If you don't know, if you haven't researched that, go ahead and say it. I'm just curious. Your Honor, I have not researched that, but I would point out, though, that the 8850 case, which is a Supreme Court case, really did a painstaking analysis and applied the Barker v. Wingo four-factor test, looking at length of the delay, the reason for the delay, whether or not the defendant asserted its rights during the delay period, and really importantly, the prejudice suffered by the defendant from the delay. All of those factors are perfectly applicable here. And in the context of a forfeiture case, which is – which this is, those factors are perfectly applicable to Supplemental Rule E-4. With respect to prejudice, there was non-served. There was no prejudice. I don't think that's a reasonable point of dispute. So let me ask you, if this had been dismissed without prejudice, what would you have had to do? Anything other than just serve? Serve the complaint again, Your Honor? Yeah. Well, I think that determination would have to have been made as to whether or not the government would pursue this case again. And if that determination was made, then a complaint would have to be refiled. And I'm sure that the subject of timeliness of the complaint and perhaps that's How untimely would it have been had – when the judge dismissed – if he had dismissed without prejudice, there would not have been a statute of limitations problem, right? I'm – if it was under the five years, it would not have been. Well, it was under the five years, wasn't it? I believe that's correct. I believe that's correct, Your Honor. But there would have been a significant due process issue raised by a second complaint if nothing – if for no other reason than the fact that it's being filed quite a few number of years after the seizure occurred. And I'm sure that is an issue that would have to have been litigated. Why did it take – where was the – what happened during that number of years between the seizure and the time the district court ruled? Well, there were a number of things that occurred. It went through the administrative process. One of the sets of watches went through an administrative petition that was denied. It was referred to the U.S. Attorney's Office. Subsequently, it was filed on. And then, you know, initial discovery was taken. There was a fair amount of motion proceedings. There was a summary judgment motion that was made by Able Time. There was an attempt to amend the complaint that was made by the government. And then – Is this all in the administrative proceedings? No, this is actually all within the district court proceeding. And then approximately a year after the – a little bit more than a year after the complaint was filed, the motion for judgment on the pleadings was filed. And then some months after that, that was ruled upon. Had there previously been a motion for summary judgment? Yes. In court before the motion for judgment on the pleading? Yes. Both sides had filed summary judgment motion. Able Time initially had filed a summary judgment motion, and that was ruled upon and denied. And then the government filed its own summary judgment motion, which was not addressed on the merits because of the district court's decision that it would grant the motion for judgment on the pleadings. Can't the government get around this rule by just dismissing its complaint involuntarily and refiling the complaint and then issuing the summons forthwith? In a case other than this case? Well, now it's too late in this case. But I'm saying, you know, you're sitting there with a budget crunch. If the claim's been filed and you're not getting a process served, why couldn't you just voluntarily dismiss the complaint and reissue it once you get budgetary authorization to go forward? Well, I suppose in a hypothetical case, that would be possible. But I think that would interject a lot of a tremendous amount of inefficiency into the process, where you have different actions. Perhaps it's assigned to different attorneys. You have inefficiencies within the government. I think the better approach would be to litigate fully and accurately under the applicable laws, whether or not there is not a full time. We'll give you an extra five minutes, if you want it five, but we'd better stop now. It's already over. Thank you. We'll give you five minutes to rebuttal. Yes, Your Honor. All right, Ken. Good morning, Your Honor. My name is Elon Pollack. I represent Able Time, the claimant of PAP-LE in this matter. And I want to specifically address several points that the Court has raised, as well as several others. First, perhaps we owe a little apology by referring to the dilemma in the district court as one of subject matter jurisdiction. I'd like to clear that up. The issue is, under the supplemental rule E-4, the Court does not have the jurisdiction to issue a decision or judgment in a case unless the property is brought forthwith. We relied in part on Judge Matz's decision in the funds case, where he described the delay as being as depriving the Court of subject matter jurisdiction. Judge Takasugi also described it the same way. And, in fact, Judge Justice Ginsberg, in the Carlisle case, talks about prescriptive periods as being something that invokes subject matter jurisdiction. But at the end of the day, I think everybody recognizes that unless the property is brought before the Court forthwith, it doesn't have the ability to make a decision. And that's really — it doesn't have the ability to make an enforceable judgment. That's really the thrust of the Brigand case, going back to 1815. And nothing has really changed since that time. It's the ability of the Court to reach a decision on the property, provided it has custody of the property. Do you think the Court has the authority in that case to dismiss the complaint without prejudice? Without prejudice? Yes, Your Honor. Okay. I mean, the — Is there — because it was labeled a judgment on the pleadings, which is — but not on the merits, does that bar further proceedings? I don't think so. If the — as Mr. Leek agrees — No, he said it did. He said — As long as the statute of limitations hasn't run, they can always bring the — Right. Well, that's what I'm saying. Assuming no statute, whatever you call it, a judgment on the pleadings or a dismissal for failure to timely serve, either way, you would say it would not bar — I don't think so. So the government can just simply refile the complaint and serve process more quickly? One would think — I agree with Mr. Leek. We would have filed a new motion arguing that the additional delay was a problem under 8850, but I don't see that there was a specific bar to rebringing the case, to refiling the case. The Court simply granted the judgment on the pleadings, which asked for a dismissal. So you would say there's no difference between granting a judgment on the pleadings and granting a motion to dismiss without prejudice? I think that's what happens. Well, that was my first question. I understand. Because that's the whole argument, is whether this was a lack of subject matter jurisdiction, and it doesn't matter what you call it. It's the ability of the Court to render a judgment over the property, and that's why there's a requirement that the property be brought before the Court forthwith. And without the property before it forthwith in a forthwith manner, it can't make  And that's the whole chain of cases going back to your — I mean, you might have been better off making a motion to dismiss. I beg your pardon? I said you might have been better off making a motion to dismiss rather than a motion to judgment on the pleadings. Well, I think it — well, we brought the motion under Rule 12c, which we could bring at any time prior to — after the close of the pleadings, prior to the trial. So I don't know whether it really makes a difference, whether — at that time, whether it really made a difference, whether it was a motion to dismiss or for judgment on the pleadings, we made a choice. That was our — that was what we did. Well, let me get on to another area with you, then. Let's assume for the moment that this — that your argument's correct, and that whatever you call this, what the judge did was to dismiss without prejudice. Now, the — your opposing counsel says that in making that decision, he should examine not only whether there was cause for the delay, but whether there was prejudice to you, your client. And if there was no prejudice, that should be taken into account and given some significant weight as to whether — either whether it therefore was forthwith or whether it should be excused, and there should not be a dismissal. What's your position with respect to whether the Court should consider prejudice to the opposing party when granting a motion to dismiss for untimeliness? Well, first of all, I think there's three answers to that. First of all, the government always could — I think could have refiled. There would have been other impediments, perhaps, but they could have refiled. Two, I don't believe that there is a prejudice or good cause requirement under Supplemental Rule E. It's a good cause provision in Rule 4M. I guess number three will be the answer to Judge Schiff. Yes. And three, the prejudice is not to our client. It's to any potential claimant. Who were none. I'm sorry? I beg your pardon? There were none. Well, the point — this is the — with the late — with the late arrest, there was no opportunity for claims. There was a late — there was a late service of the process, wasn't there? Right. Which meant that the court did not have — Watches all came before the government. Yes. You filed an administrative claim. Yes, sir. Nobody else filed any kind of claim. Not that I'm aware of, no, sir. You're the only one apparently interested in these watches. Yes, sir. And so far as you're concerned, there's absolutely no prejudice, and there's no indication that anybody else has any interest in this. So how can you say there's any prejudice to anybody? I don't know. If I ever saw a case lacking totally in prejudice, this is it. Well, the fact that — Well, just kind of — if you rock along and say, well, yeah, maybe that's right. There's no prejudice. None has been shown. There is none. We knew they had the watches. We filed our claim. We didn't even raise this issue until — and the government — I think the court brought it up on its own, didn't it? No, we filed the watch. You finally brought it up. Well, but the question that Rudd-Reinhart puts is, let's assume the district court did decide this was not forthwith, which is clear to the court. That's also — you know, the court said, well, you know, I understand the budgetary constraints, but that's within the control of the government. You can't use that. I'm considering that excuse. I find it lacking. The 76 days is too long. That's not forthwith. The only thing the court didn't consider in the balance was whether there was any prejudice to anybody. And the question is, need the court — should the court have done that? Was it error for the court not to have done that? I think not, because the prejudice is not an element of the delay argument, of the lack of jurisdiction. It's not — it's certainly not an element. It's not an element of the delay argument. You can say that's a statutory requirement that is absolute, and once you find it's not forthwith, that's the end of the issue. I think that's the end of the issue. And forthwith cannot include any kind of a prejudice analysis. And I'll explain why. There are other rules, other supplemental rules under the Admiralty Rules do provide for a good cause exception in terms of publication, where the government can come in or the claimant can come in and ask for more time. Supplemental Rule E-4 specifically does not have such a requirement. It's couched in mandatory terms, and it's because of the constitutional implications of taking one's property and bringing it before the court and giving that person and any other person an opportunity to be heard. There's not a prejudice element. There's no good cause requirement at all in the analysis. But you know, the constitutional concern of taking somebody's property and bringing it promptly seems inconsistent with the idea that they could go back and start all over again and bring the same case. What happened to the constitutional concern about promptness, if they can do it all over again? Well, we would certainly raise that argument if the government attempted to do it. I think that this is the death knell of the case anyway. I mean, there are other problems that have occurred. But there could be prejudice, because part of the service of process requires publication, so if there were other claimants out there, they may not know that the property was seized, so they couldn't assert their claims. Well, it cuts both ways, yes. There could be prejudice. That's what I thought I said initially, would be to other potential claimants. And Judge Thompson said, but no one else made a claim. But I think your answer, your question is correct. There could be other people who would be prejudiced by the delay. Well, you know, the prejudice inquiry may really go the other way, too. Would the government be prejudiced by a dismissal at this time? If it can refile, I don't see what the whole big deal is, except that the government may have to do a little more work. And, you know, they may be inefficient and incompetent, and they may not get it refiled a second time. But ordinarily, I would think when a judge is going to dismiss something without prejudice, he would be concerned about whether that might bar a suit. And if it didn't, he wouldn't be so worried about dismissing it without prejudice. I think he'd be worried more about the prejudice to the party that filed the suit than he would to the defendant. Even the dismissals for the 120-day under rules of civil procedure are ordinarily done without prejudice. Even the dismissals under Rule Civil Procedure 4M are ordinarily done without prejudice. They're not done with prejudice, and they're not done in the form of a grant of a judgment. I'm aware of at least one case where a motion for the motion to dismiss was granted under the 120-day rule, which resulted in a dismissal of the action. And I'll be happy to tell you. With prejudice? In effect, the statute of limitations had run. Well, no. Right. Because when it was without prejudice, but the case was dead. Right. Ordinarily, it's done without prejudice to refiling, and then you look to whether or not the statute of limitation is run to see whether you can refile. But 120 days is only four months, so generally, the statute wouldn't have run. Well, in the particular case that I'm thinking of, the government waited until the last day to file its lawsuit. Well, that's exactly the kind of prejudice that I would think a court might consider. Well, whether if it dismisses the case, it will bar the case on the merits, in effect, because you can't rebrand. That prejudice is worth looking at. But if it's just dismissing because somebody didn't file in time and the person can file again, it seems to be less reason to look at the prejudice to the person, to the other party. Because the government can file again, so why is it necessary to look at your prejudice? But if the government couldn't file again, that would be prejudice to the government. But remember what Judge Takasuji said, is that the government controlled this file from the beginning. And they're responsible for what happened in the first place. You don't have to worry about it in this case, because that's – if anything, that's what he should have considered is prejudice to the government, I would think, not whether you suffer prejudice from the delay. Although, you know, they're both forms of prejudice to each party, that it would be nice to know what the law says. What's your understanding of the law, that the court may not consider prejudice to either of the parties, may, is required to? I think in this particular case, the court below considered whether the delay was reasonable in making its decision of whether the forthwith rule applied. And I think Judge Takasuji specifically says that in his opinion, that he says, I find that this wasn't reasonable. I think that's true. I think that goes to the question of whether he considered reasonable cause. And we – you know, there may be arguments both ways on whether he did that sufficiently if you consider that. But that's not prejudice. Prejudice is the next step. Should a court consider the prejudice to either side of a dismissal? Well, certainly, our client did not have his property for a long period of time and asked to have his day in court. So, I mean, this was the purpose of the original summary judgment motion, was the thrust of the motion. But what I'm really asking you is, do you know what the law is with respect to whether a judge faced with a motion under Rule E-4, the supplemental rules, who must consider the forthwith issue, maybe should consider the reasonable cause issue, then the question is, is that judge required to look at the prejudice to either party, if so which? If he's not required to, may he? And if not may he, then is he – is that not a proper inquiry? Do you know of any cases on that subject? I'm unaware of – excuse me a moment. We can find no cases on prejudice when we research the question. Under the supplemental rules or under – Under Rule 4. Under Rule 4. Of the supplemental rules. Yeah, 4E, I'm sorry. But you didn't look under – E-4, rather. Right. But you didn't look under FRCP 4M? Actually, I did. Okay. Thank you. But as I said, I am familiar where there was one case where that actually happened and the judge issuing his opinion described what a deadline is and that sometimes it may mean the death knell of a case and then granted the motion to dismiss because the government controlled the whole – they were the plaintiff, so they were responsible. Let me just – let me just respond to a few points that were – that came up. This seizure occurred in 1999 and that the action was brought in the year 2000 and as we pointed out, that the government had control of this file for all of this period of time and took no action. That the delays – that there were delays before the filing of the lawsuit and not to belabor the point, the fact is that the government pick and chose the day that it filed the lawsuit. If there were some budgetary problems, they knew it when they filed it. They're the plaintiff in the action and that this Court should not be persuaded that there's good cause in the fact that they delayed all this time. I think Judge Reinhart asked – asked what had happened when the – when the judge issued his decision in 2002. At that point, there was still another 15 months or more, 16 months or more before the statute would – any statute would expire, yet the government did nothing, chose to appeal the case rather than to – to refile. So I don't know that that claim is really properly before this Court. Since – Roberts, it's a practical matter. If they had refiled, it would have come right back to Tagasuke and he would have said, well, you didn't file it forth – you didn't serve forthwith in the first place. But then we'd actually have a case of controversy to talk about today. I see. We don't have that. That's not – that's not the case here. Counsel talked about – I think the question was whether we're really talking about compliance with a rule or jurisdiction. I'd like to point out to the Court, under the theory of judicial estoppel, that the government took the position in this particular case that the – that the rule does not implicate jurisdiction. The – Judge Max, in the $75,000 funds case, in his opinion, recites the fact that the government conceded that point, that the supplemental rules are jurisdictional, and that under judicial estoppel, the government should be precluded from taking an inconsistent position in this case, since that same office was the office that agreed that they are jurisdictional. I just thought I'd bring that up. Do you think, based on your argument, that Judge Takasugi erred by treating it as a jurisdictional matter as opposed to just finding an untimely compliance with the rules? No, I didn't disagree with Judge Takasugi at all. I'm the appellee. No, no. I realize you. But I'm just saying he'd want it affirmed, but not on the basis of subject matter jurisdiction. Well, it – as I said initially, it's the jurisdiction of bringing the property before the Court. Whatever label you want to put on it, some – and maybe I'm not understanding the question. Well, you started out by saying this isn't really subject matter jurisdiction, and we may have misled some people by saying it was a subject matter jurisdiction question. Yes. Okay. What you're really saying is that the Court has no power, which is jurisdiction, to adjudicate rights in a property that's not properly before it. That's correct. Well, to me, that seems like subject matter jurisdiction. Well – So I don't understand why you're retreating from that point. Well, I'm not. It's just that it came up in the appellant's argument presentation, and I was a little confused, so I wanted to just simply say that if there's any confusion, it's still whether the – it still comes down to whether the Court has jurisdiction to make a decision and to issue a judgment against the property. And whether you call that subject matter jurisdiction or jurisdiction under the object of the lawsuit, it still comes down to whether the Court has the ability to hear the case. I don't think I have to reiterate the point. No, don't reiterate anything. You have less than a minute. You don't have to use it. Fine. I don't think there's any point in – I think everybody seems to be in agreement that 75 days was not forthwith, so I won't spend any time to discuss that question at all. The only other question or only other point that I wanted to bring up, and this just occurred within the last day or two when we looked at the Court record, and that is that we actually have some reservations about whether this – the arrest was really proper. We took a look at the actual return filed with the Court, and we noted that the information concerning the – Well, whatever that is, that's not an issue on appeal.  All right. Thank you. Thank you very much, Your Honor. Your Honor, if I may, I'd like to address initially Your Honor's concern about whether or not there would be prejudice to the government if there was some sort of a direction to dismiss without prejudice and then refile. I note that the initial seizure occurred February 12th, 1999, at LAX. Now, that's actually not – so just starting off at that date, 5 years from that date would be February 12th, 2004. So after that date, certainly the government would be barred by the statute of limitations. That's actually, I think – You don't think the statute's told while you're proceeding on appeal? I think that's an argument that could be raised, but I don't – It's not a question of an argument. It's a question of whether it is. I mean, unless you want to say here, if you want to concede that if you lose an appeal that you're barred by the statute, you are free to make that concession. But if you don't want to make it, then – and you don't know whether that's true, don't make it as an assertion. Well, I'm not prepared to make that concession without having researched that issue. But I do believe that that is a significant issue as to whether or not – on the inquiry of whether or not the government is prejudiced. And actually, I just wanted to point out that that date – But it's the statute of limitations, period. It's 5 years from the date of discovery. And it would actually be earlier than February 12th, because the seizure occurs sometime after the articles are imported. The act of seizure occurs when there's a determination made that there's probable cause that these are counterfeit goods. So it would actually go before the February 12th date. So there would be, in my view, a significant possibility of prejudice, with the exception of the total. It didn't exist in the district court, but exists now, right? If you'd just taken the district court's decision, you wouldn't have had a problem with the statute. But now you've created one by appealing. Is that what you're telling us? Well, I didn't intend to state it that way. I was just responding to Your Honor's inquiry as to whether or not there would be prejudice, and I thought that the record was a little bit unclear as to whether or not we could refile. And my belief is that the statute of limitations would be a significant problem. I certainly want to research the tolling issue, but apart from that, I think the statute of limitation is a significant problem. The real – the more important inquiry, I believe, Your Honor, is really when you're talking about delay under the supplemental rules, the prejudice inquiry is, what's the prejudice to the person who has most to lose from the delay in service? And that's really the prejudice inquiry to able time, not the government. The – I know that we cited the good case in our brief, but I think it's an important case because it speaks in the context of forfeitures and provisions that the court referred to as revenue-generating provisions. And there are really statements that are in there that I think are worth looking at again. For example, there's no presumption or general rule that for every duty imposed upon the court or the government and its prosecutors, there must exist some corollary punitive sanction for departure or omissions, even if negligent. The court goes on to say that we do not agree that we should or can't invent a remedy to satisfy some perceived need to force the courts and the government into complying with the statutory time limits. So the – Kennedy. Isn't the difference between that and this that those that are talking about time incentives imposed on government officials for the benefit of the government, that they say, and this rule is not for the benefit of the government, but it's more – if anybody's benefit, it's for the benefit of the person whose property is seized? Well, I – I mean, to say that we've told the U.S. attorney to act quickly means you may discipline the U.S. attorney if he doesn't act quickly, but the defendant doesn't benefit. But if instead you have a rule that says a defendant is entitled to be brought to trial quickly, then that's a different question. I don't think it's a different question, Your Honor. I think the Title 19 provisions that the good court addressed and the supplemental rules really go hand in hand. The supplemental rules are the rules of procedure that apply to these Title 19 proceedings. The reason behind the forthwith requirement is not only for the benefit of the claimants, but also, according to the good case, for the benefit of the government as well, because these rules pertain to revenue-generating statutes, including the statute under which this case was brought. So the good court's view was it's really unusual to apply them in a way that would end up dismissing a case because of a statutory violation. From there, I think it's important to go on to the next point. I'm not sure if you want to answer it, too. Your Honor, I will. Again, the 8850 case really painstakingly lays out the factors to be considered. And I think, again, I would reemphasize that the Contra case also looks at, besides the prejudice factor that I mentioned, the assertion of the right. And the Contra case says, ordinarily, if a defense is not raised within an answer, it's waived. So under the 8850 analysis, that factor weighs against able time in this case and argues that the factors that are to be weighed should be considered in such a way as to not dismiss this case. Thank you, Your Honor. The case just argued will be submitted. The final case to be argued this morning is Iweka v.
judges: Reinhardt, Thompson, Wardlaw